CHARLES P. JOHNSON

*v.*

THE STATE OF ILLINOIS.

*Opinion filed November 20, 1894.*

LIVE STOCK COMMISSION—*act of 1887 concerning board confers power to employ necessary clerks.* Section 13 of the act of 1887 concerning the Live Stock Commission which provides that the members of the Board shall receive the sum of $5 per day, and necessary traveling expenses, *and other incidental expenses necessarily incurred in the performance* of their duties under this act confers upon the Commissioners the power to employ a clerk or secretary if necessary to do so.

The facts of this case are uncontroverted, and from the evidence before us may be briefly stated, as follows: Claimant was duly appointed and acted as clerk or secretary of the State Board of Live Stock Commissioners from December 29, 1886, to June 30, 1893, per-

forming the duties usually appertaining to the position of clerk or secretary. On January 4, 1888, said Board passed a resolution fixing the salary of this employe at $150 per month, which thereafter remained unchanged. Claimant has received his entire compensation excepting a balance of $200 which amount is conceded to be due and unpaid to him, provided his compensation is considered at the price of $150 per month.

Neither party offered evidence as to the value of claimant's services. Section 13 of the act of 1887, concerning the Live Stock Commission, provides that the members of the board shall receive the sum of $5 per day, and necessary traveling expenses, *and other incidental expenses necessarily incurred in the performance of their duties under this act*. We think this act conferred upon the Commissioners the power to employ a clerk or secretary if it was necessary so to do. All of the evidence before us is to the effect that it was necessary to have such officer and even in the absence of evidence upon this point it would be reasonable to presume that the necessity therefore existed. The Commissioners having fixed the salary of such officer at $150 per month, and such having been the salary of the position for more than six years prior to the termination of claimant's employment in that capacity, we must in the entire absence of any evidence of fraud or collusion or even unreasonableness of such amount, conclude that the same is reasonable, and that whatever balance is due to the claimant for such services at such rate should be paid by the State.

It is therefore considered by the Commission that the claimant be awarded in full of his damages by reason of his aforesaid claim against the State of Illinois the sum of $200.